**Arden J. Olson**, OSB No. 870704
arden.j.olson@harrang.com
HARRANG LONG GARY RUDNICK, P.C.
360 East 10th Avenue, Suite 300
Eugene, Oregon 97401
Tel: (541) 485-0220
Fax: (541) 686-6564

**William C. Morison** (Cal. No. 99981)*
william.morison@morisonansa.com
**Michael D. Prough** (Cal. No. 168741)*
michael.prough@morisonansa.com
**Brian E. Sims** (Cal. No. 127835)*
brian.sims@morisonansa.com
MORISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP
1550 Parkside Drive, Third Floor
Walnut Creek, California 94596-8068
Tel: (925) 937-9990
Fax: (925) 937-3272

Attorneys for Defendant
MT. HAWLEY INSURANCE COMPANY
* *Pro hac vice* admission in related case

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ATLANTIC NATIONAL TRUST LLC,** a Florida limited liability company<br><br>           Plaintiff,<br>     v.<br><br>**MT. HAWLEY INSURANCE COMPANY,** an Illinois corporation, **CRUMP INSURANCE SERVICES, INC.,** a Texas corporation; **CHAMBERLAIN INSURANCE AGENCY LLC.,** an Oregon limited liability company, **LEBANON HARDBOARD,** LLC, an Oregon limited liability corporation, and **TRITALENT FUNDING GROUP,** LLC, an Oregon limited liability company,<br>           Defendants. | Case No.: _____<br><br>(RELATED TO CASE NO. 6:09-CV-06049)<br><br>**NOTICE OF REMOVAL** |

Page 1 – NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Mt. Hawley Insurance Company hereby removes to this Court the state court action described herein and respectfully submit the following statement of grounds for removal. This case is removable on the basis of diversity of citizenship, in that complete diversity of citizenship exists and the amount in controversy exceeds $75,000 exclusive of interest and costs.

1. This action was commenced on or about February 20, 2009 by the filing of a complaint against Mt. Hawley in the Circuit Court of the State of Oregon for the County of Linn, entitled <u>Atlantic National Trust, LLC v. Mt. Hawley Insurance Company, et al.</u>, No. 09-0511 (the "State Court Action"). The State Court action relates to claims for insurance benefits relating to a fire in Linn County at the Champion Mill site in Lebanon, Oregon on October 6, 2008, and plaintiff seeks damages arising out of Defendants' alleged breach of contract, reformation, negligence and declaratory judgment.

2. A true and correct copy of the complaint in the State Court Action is attached hereto as Exhibit 1. These documents were received by Mt. Hawley on February 25, 2009.

3. Exhibit 1 comprises copies of all process, pleadings, and orders received by Mt. Hawley.

4. This case is a civil action over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332. There is complete diversity of citizenship between the plaintiff and each named defendant in this action. Venue lies within this Court pursuant to 28 U.S.C. section 1391(a), because the real property and a substantial portion of the events

Page 2 – NOTICE OF REMOVAL

giving rise to this dispute are located in or occurred in the State of Oregon, County of Linn.

5. Atlantic National is a limited liability company duly organized and existing under the laws of the State of Florida, with its principal place of business in Portland, Maine.

6. Defendant Mt. Hawley is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Peoria, Illinois.

7. Defendant Crump Insurance Services, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

8. Defendant Chamberlain Insurance Agency, LLC is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business in the State of Oregon.

9. Defendant Lebanon Hardboard, LLC is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business in Oregon.

10. Defendant Tritalent Funding Group, LLC is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business in Oregon.

11. Pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), this Court has original jurisdiction over this action because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges immediate entitlement to payment in the amount of at least $3,140,005.89 (see

Exh. 1. at paragraph 9, 11) and declaratory relief and reformation regarding a policy with limits of $4,000,000 (see Exh. 1, at paragraph 6).

12. Mt. Hawley is informed and believes, was expressly told on February 25, 2009, by counsel for plaintiff Atlantic National Trust, and thereon alleges, that Defendants Crump Insurance Services, Chamberlain Insurance Agency, Lebanon Hardboard and Tritalent Funding Group have not been served with the complaint in this action. Those Defendants' consent to this removal is therefore not required, and no procedural rule impacting those defendants' removal of this action is applicable.

WHEREFORE, Mt. Hawley hereby gives notice that the referenced action is removed in its entirety from the Circuit Court of the State of Oregon for the County of Linn, to the United States District Court for the District of Oregon.

Dated: February 26, 2009

HARRANG LONG GARY RUDNICK, P.C.

_____
**Arden J. Olson**, OSB No. 870704
arden.j.olson@harrang.com
HARRANG LONG GARY RUDNICK, P.C.
360 East 10th Avenue, Suite 300
Eugene, Oregon 97401
Tel: (541) 485-0220
Fax: (541) 686-6564

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LINN

| | |
|---|---|
| ATLANTIC NATIONAL TRUST, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MT. HAWLEY INSURANCE COMPANY, a Delaware corporation, CRUMP INSURANCE SERVICES, INC., a Texas corporation, CHAMBERLAIN INSURANCE AGENCY LLC, an Oregon limited liability company, LEBANON HARDBOARD, LLC, an Oregon limited liability company, and TRITALENT FUNDING GROUP, LLC, an Oregon limited liability company,<br><br>Defendants. | Case No.<br><br>COMPLAINT<br><br>(Breach of Contract—Direct Claim; Breach of Contract—Third Party Beneficiary; Reformation; Negligence; and Declaratory Judgment)<br><br>Not Subject to Mandatory Arbitration |

Plaintiff alleges:

**GENERAL ALLEGATIONS**

1.

At all material times, plaintiff Atlantic National Trust, LLC ("Atlantic") was a Florida limited liability company, defendant Mt. Hawley Insurance Company ("Mt. Hawley") was a Delaware corporation, defendant Crump Insurance Services, Inc. was a Texas corporation ("Crump"), defendant Chamberlain Insurance Agency LLC was an Oregon limited liability company ("Chamberlain"), defendant Lebanon Hardboard, LLC ("LH") was an Oregon corporation, and defendant Tritalent Funding Group, LLC ("Tritalent") was an Oregon limited liability company.

///

Page 1 - COMPLAINT

KIRKLIN FOLAWN LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204-2138
Telephone: (503) 222-1640
Facsimile: (503) 227-5251

Exhibit 1
Page 1 of 8

2.

On November 10, 2005, LH, as Grantor, executed a certain trust deed ("Atlantic Trust Deed") to secure payment of two loans made by Atlantic Columbia LLC ("Atlantic Columbia") in the principal amounts of $2,232,450 and $450,000. The Atlantic Trust Deed designated First American Title Insurance Company of Oregon as Trustee and Atlantic Columbia as Beneficiary. Among other things, the Atlantic Trust Deed conveyed to the Trustee all of LH's rights, titles and interests in that real property described in Exhibit "A" attached hereto, together with all buildings, other improvements and personal property located thereon ("Trust Property"). On November 14, 2005, the Atlantic Trust Deed was recorded in the land records of Linn County, Oregon where the real property and buildings described therein were located.

3.

Among other conditions, the Atlantic Trust Deed required LH to maintain insurance against loss or damage to the Trust Property by fire and any and all other risks in an amount not less than $2,000,000 for each of the two major buildings and $1,000,000 for personal property. The Atlantic Trust Deed required that said insurance be maintained for the benefit of Atlantic Columbia and that a lender's loss payable endorsement or its equivalent be contained in or made a part of the insurance policy. The Atlantic Trust Deed also assigned to Atlantic Columbia all insurance proceeds from any insurance on the Trust Property with respect to any casualty as set forth in Sections 1.12 and 1.14 of the Atlantic Trust Deed. On November 23, 2005, Atlantic Columbia assigned the Atlantic Trust Deed to plaintiff Atlantic. Said Assignment was subsequently recorded in the land records of Linn County, Oregon. At all material times, defendants knew or should have known of the Atlantic Trust Deed, Assignment and recording of both.

///
///
///

Page 2 - COMPLAINT

KIRKLIN FOLAWN LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204-2138
Telephone: (503) 222-1640
Facsimile: (503) 227-5251

Exhibit 1
Page 2 of 8

4.

After the Atlantic Trust Deed was recorded, Tritalent obtained a security interest in the Trust Property. At all material times, the defendants knew or should have known that any right or interest Tritalent had in the Trust Property or in any insurance proceeds regarding the Trust Property was subject to and inferior to Atlantic's right or interest.

5.

At all material times, Crump and Chamberlain were insurance producers as set forth in ORS Chapter 744. At all material times, Crump was authorized by Mt. Hawley to act as its agent in connection with the placement and procurement of insurance in the State of Oregon. Before May 9, 2008, Crump and Chamberlain, acting on behalf of Mt. Hawley, as set forth in ORS 744.078, prepared and processed an application by LH to insure the Trust Property against loss by fire and other risks. Crump and Chamberlain knew or should have known that it was LH's intent to obtain insurance to protect Atlantic and Tritalent as "mortgagees" or loss payees with Atlantic's rights superior to Tritalent's. Pursuant to ORS 744.078, the knowledge of Crump and Chamberlain is imputed to Mt. Hawley.

6.

On May 13, 2008, Mt. Hawley issued through its agent Crump an insurance binder providing LH with insurance for special causes of loss, including fire, with a $4,000,000 occurrence limit. A copy of the binder is attached as Exhibit B. The binder provided minimal information and did not designate either Atlantic or Tritalent as mortgagees or loss payees. The binder was extended several times. The last extension was through October 9, 2008. The binder provides "This insurance is controlled by the terms, conditions, and limitations of the policy(ies) or certificate(s) in current use by the Insurer(s) unless otherwise specified. * * * Terms of this binder which are in conflict with the statutes of any State * * * where in this binder is issued are hereby amended to conform to such statutes."

///

Page 3 - COMPLAINT

KIRKLIN FOLAWN LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204-2138
Telephone: (503) 222-1640
Facsimile: (503) 227-5251

**Exhibit 1**
**Page 3 of 8**

7.

On October 6, 2008, a fire resulted in loss and destruction of Trust Property insured by Mt. Hawley. The total loss exceeded the available per occurrence limits of $4,000,000. Mt. Hawley learned about the fire shortly after it occurred and since then has investigated the fire and the resulting damages. As of the filing of this complaint, Mt. Hawley knows or should know that the loss to LH exceeds $4,000,000. On or about January 27, 2009, LH submitted in a form required by Mt. Hawley a sworn statement in proof of loss claiming insurance proceeds of $4,020,000. Previously, LH submitted a "proof of loss" sufficient to trigger the provisions of ORS 742.061.

8.

Mt. Hawley did not deliver the insurance policy to LH until after the fire of October 6, 2008. Until the policy was actually delivered, the only information available to LH and Atlantic was contained in the insurance binder. The insurance policy covered the Trust Property with a per occurrence loss limit of $4,000,000 and insured against all risks, including fire, subject to a $10,000 deductible. The insurance policy also contained, in an endorsement entitled "OREGON CHANGES," provisions required by ORS 742.226. The intent of this statutory language was to provide insurance coverage for mortgagees such as Atlantic and Tritalent regardless of whether the insurance company had any coverage defenses with respect to any claim by the named insured. The insurance policy, as delivered, contained a mortgagee endorsement naming Tritalent, but failed to designate Atlantic as mortgagee or loss payee. This failure was a breach of LH's contractual obligation as stated in paragraph 3, above. On or about December 16, 2008 Mt. Hawley issued Endorsement No. 1, a copy of which is attached as Exhibit C, to reform the insurance policy to designate Atlantic as a loss payee effective May 9, 2008, the inception date of the insurance policy. Endorsement No. 1 is evidence of the antecedent agreement and/or statutory requirement that Atlantic be covered and cured LH's breach which was caused by the pre-fire negligence of Crump and Chamberlain as stated below.

Page 4 - COMPLAINT

KIRKLIN FOLAWN LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204-2138
Telephone: (503) 222-1640
Facsimile: (503) 227-5251

Exhibit 1
Page 4 of 8

9.

Between February 11 and 12, 2009, Atlantic presented a payoff demand letter to LH and Mt. Hawley, a copy of which—without its enclosures—is attached as Exhibit D. As of February 11, 2009, a reasonable period of time had passed for Mt. Hawley to determine the nature and extent of the loss resulting from the October 6, 2008 fire and to pay Atlantic. As a result of its demand, Atlantic was entitled to immediate payment by Mt. Hawley. As of February 11, 2008, Mt. Hawley was obligated to pay Atlantic the sum of $3,140,005.89 with per diem of $1,392.85. On February 12, 2009, Atlantic asked Mt. Hawley when payment could be expected. On February 13, 2009, Mt. Hawley unilaterally issued Endorsement No. 2, a copy of which is attached as Exhibit E. Endorsement No. 2 purports to make Endorsement No. 1 "null and void from the inception of the policy and is deleted in its entirety." On February 16, 2009, Mt. Hawley denied that Atlantic was covered by the insurance policy as a mortgage holder, loss payee, insured or otherwise and denied any obligation to pay Atlantic anything.

**FIRST CLAIM FOR RELIEF AGAINST MT. HAWLEY**

**(Breach of Contract—Direct Claim)**

10.

Atlantic incorporates by reference paragraphs 1-9, above.

11.

Pursuant to ORS 742.226, the OREGON CHANGES endorsement and/or Endorsement No. 1, Atlantic, as mortgagee of record and whose interest in the insured Trust Property was known to Mt. Hawley and its agents, has a direct right against Mt. Hawley for breach of contract. Mt. Hawley's obligation to pay Atlantic is absolute and subject to no defenses. On February 16, 2009, Mt. Hawley breached the insurance policy by refusing to pay Atlantic anything under the policy. Atlantic is entitled to recover damages in an amount to be proven at trial, but in no case less than the sum of $3,140,005.89, as of February 11, 2008, with per diem of $1,392.85. Pursuant to ORS 742.061, Atlantic is entitled to recover attorney fees and costs.

Page 5 - COMPLAINT

KIRKLIN FOLAWN LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204-2138
Telephone: (503) 222-1640
Facsimile: (503) 227-5251

**Exhibit 1**
**Page 5 of 8**

**SECOND CLAIM FOR RELIEF AGAINST MT. HAWLEY**

**(Breach of Contract—Third Party Beneficiary)**

12.

Atlantic incorporates by reference paragraphs 1-11, above.

13.

Atlantic is a third party creditor beneficiary and entitled to enforce the insurance contract by recovering damages for Mt. Hawley's breach.

**THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

**(Reformation)**

14.

Atlantic incorporates by reference paragraphs 1-13, above.

15.

It was the intent of LH, Chamberlain, Crump and/or Mt. Hawley that all mortgagees, including Atlantic, be covered by the insurance Mt. Hawley sold to LH. To the extent Atlantic is not a mortgagee or loss payee under the binder and/or insurance policy, that failure was the result of a mutual mistake on the part of LH, Chamberlain, Crump and Mt. Hawley and not the result of gross negligence on the part of Atlantic or LH. The insurance policy should be reformed so as to designate Atlantic as a mortgagee and/or loss payee whose interest is superior to Tritalent's. When reformed, Atlantic is entitled to recover damages as stated.

**FOURTH CLAIM FOR RELIEF AGAINST MT. HAWLEY, CRUMP, AND CHAMBERLAIN**

**(Negligence)**

16.

Crump and Chamberlain were negligent in one or more of the following particulars:

    a.    In failing to remember that the Trust Property was encumbered by the Atlantic Trust Deed.

Page 6 - COMPLAINT

KIRKLIN FOLAWN LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204-2138
Telephone: (503) 222-1640
Facsimile: (503) 227-5251

**Exhibit 1**
**Page 6 of 8**

1   b.   In failing to determine whether the Trust Property was encumbered by the Atlantic Trust Deed.

3   c.   In failing to ask LH whether it intended that Atlantic be named as a mortgagee or loss payee.

5   d.   In failing to use an insurance application form which specifically required information regarding mortgages, trust deeds and other matters of record.

7   e.   In failing to use an insurance application form which would lead a reasonable policyholder to disclose all mortagees of record who were intended to be covered.

9   f.   In failing to review documents in their possession or subject to their control, including prior insurance policies, which would have disclosed Atlantic's status.

11   g.   In failing to ascertain whether Atlantic's security interest was superior to Tritalent's.

13   h.   In failing to review the binder and determine that Atlantic and Tritalent were not named as mortgagees or loss payees.

15   i.   In failing to inform LH, Atlantic and Tritalent that Atlantic and Tritalent were not covered under the binder.

17   j.   In failing to provide the insurance policy in a timely manner before the fire.

18   k.   In failing to review the insurance policy to determine whether Atlantic was named as a mortgagee or loss payee whose interest was superior to Tritalent's.

20   l.   In failing to inform Mt. Hawley of Atlantic's status until after the fire loss.

21   m.   In assisting Mt. Hawley with the deletion of Endorsement No. 1.

22                                           17.

23   The negligence of defendants Crump and Chamberlain occurred within the scope and course of their agency relationship with Mt. Hawley. Atlantic has been damaged as stated and should be entitled to recover attorney fees as part of its damages.

26   ///

Page 7 - COMPLAINT

KIRKLIN FOLAWN LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204-2138
Telephone: (503) 222-1640
Facsimile: (503) 227-5251

**Exhibit 1**
**Page 7 of 8**

| | |
|---|---|
| 1 | **FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS** |
| 2 | **(Declaratory Judgment)** |
| 3 | 18. |
| 4 | Atlantic incorporates by reference paragraphs 1-17, above. |
| 5 | 19. |

Pursuant to ORS 28.010, an actual, justiciable controversy exists among the parties with respect to their rights, status and legal relations regarding the insurance sold by Mt. Hawley. Atlantic seeks a declaratory judgment declaring and adjudicating as follows:

a. Atlantic is a loss payee or mortgagee under the binder and insurance policy.

b. Endorsement No. 1 is still effective and operates *ab initio* to protect Atlantic's interests.

c. Endorsement No. 2 is a breach of the implied covenant of good faith and fair dealing and is of no force or effect.

d. Atlantic's rights and interests in the binder, insurance policy and insurance limits/proceeds are superior to Tritalent's and LH's rights and interests.

e. Atlantic is entitled to immediate payment from Mt. Hawley of all of principal amounts and interest in an amount not to exceed $4,000,000 and attorney fees and costs.

WHEREFORE, Atlantic prays for judgment.

DATED this 19th day of February, 2009

KIRKLIN FOLAWN LLP

By _____
John Folawn, OSB No. 73090
john@kirklinfolawn.com
Attorney for Plaintiffs

Trial Attorney: John Folawn

Page 8 - COMPLAINT

KIRKLIN FOLAWN LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204-2138
Telephone: (503) 222-1640
Facsimile: (503) 227-5251

Exhibit 1
Page 8 of 8