FILED'09 MAY 21 14:13 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ATLANTIC NATIONAL TRUST, LLC, a Florida limited liability company, <br><br>                Plaintiff, <br><br>     v. <br><br>MT. HAWLEY INSURANCE COMPANY, a Delaware corporation, CRUMP INSURANCE SERVICES, INC. a Texas corporation, CHAMBERLAIN INSURANCE AGENCY LLC, an Oregon limited liability company, LEBANON HARDBOARD LLC, an Oregon limited liability company, and TRITALENT FUNDING GROUP, LLC, an Oregon limited liability company <br>                Defendant. | Civil No.09-6054-TC <br>(Related to Case 09-6049-TC) <br><br>FINDINGS AND RECOMMENDATION |

COFFIN, Magistrate Judge.

Before the court are defendants Lebanon Hardboard's, Tritalent Funding Group's and Atlantic National Trust's Motions to Remand ("defendants' motions"). (Docs. 8 & 16.) Plaintiff, Atlantic Trust, seeks to enforce its insured rights under defendant Mt. Hawley's insurance policy. For the reasons that follow, the court should GRANT defendants' motions and remand this case to state court.

BACKGROUND

Plaintiff, Atlantic National Trust, LLC ("Atlantic") is a Florida limited liability corporation. Defendant Mt. Hawley

Insurance Company ("Mt. Hawley") is an Illinois corporation, and defendant Crump Insurance Services, Inc. is incorporated in Texas. The three remaining defendants, Chamberlain Insurance Agency, LLC, Lebanon Hardboard, LLC ("Lebanon Hardboard") and Tritalent Funding Group, LLC ("Tritalent") are all Oregon limited liability companies.

On October 6, 2008, a fire in Lebanon, Oregon caused fire damage exceeding ten million dollars to buildings and property owned by defendant Lebanon Hardboard. Plaintiff Atlantic and defendant Tritalent loaned funds to Lebanon Hardboard and both hold security interests in certain portions of Lebanon Hardboard's property. Defendant Mt. Hawley insured the property for over four million dollars.

## ANALYSIS

I.  Standards

A defendant may remove an action filed in state court to federal court if there is diversity or federal question jurisdiction. 28 U.S.C.§ 1441(a) & (b). If the federal court's jurisdiction is based on diversity rather than a federal question, the action "may be removed only if none of the parties properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). District courts have original subject matter jurisdiction over civil actions in which the matter in controversy exceeds $75,000 exclusive of interest or costs and the parties are citizens of different states. 28 U.S.S.§

2 - FINDINGS AND RECOMMENDATION

1332(a).

A motion to remand is the proper method for challenging removal. 28 U.S.C. § 1447(c)& 1448. Any defendant who is served after removal to federal court can move to remand the case. 28 U.S.C. § 1448. The district court must strictly construe the removal statute and any doubt about the right of removal is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). The presumption against removal means that the defendant always has the burden of establishing that removal is proper. *Id.*

## II. Remand to State Court is Appropriate

Plaintiff, Atlantic, filed its original Complaint in state Court on February 20, 2009, seeking over three million dollars in damages from Mt. Hawley. (Doc. 1.) Five days later, on February 25, 2009, Atlantic's counsel was at Miller Nash's Portland office with counsel for Lebanon Hardboard and Mt. Hawley. At that Atlantic's counsel gave the other counsel courtesy copies of the state court Complaint; however, Atlantic had not actually served any of the defendants. One day later, on February 26, 2009, defendant Mt. Hawley (who, like all other defendants, still was not actually served with the state court Complaint) removed this case to federal court.

It has long been the rule that removal to federal court is subject to the "unanimity rule." *Chicago Rock Island & Pac. R. Co. v. Martin*, 178 U.S. 245, 248 (1990). In other words, all

3 - FINDINGS AND RECOMMENDATION

defendants must consent to or join in the removal. *Id.* This ensures that no one defendant may unilaterally choose to litigate in federal court. *Id.* In its opposition to the motions for remand, defendant Mt. Hawley notes that this jurisdiction recognizes an exception to the unanimity rule: it applies only to defendants properly joined and served in the action. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.) Mt. Hawley is correct that this jurisdiction recognizes that "defendants over whom the court has not acquired jurisdiction may be disregarded in the removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal." *Community Bldg.Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-79 (9th Cir. 1926).

Defendant Mt. Hawley ignores, however, that at the time it removed this matter to federal court it was not a summoned defendant. Instead, all parties to the motions to remand agree that none of the defendants were served when Mt. Hawley removed this matter. The undersigned, therefore, does not find Mt. Hawley's argument that the exception to the unanimity rule precludes remand persuasive.

Moreover, it is clear from 28 U.S.C. § 1448 that a later served defendant may exercise its right to choose the state court forum. "This rule...promotes unanimity among the defendants without placing undue hardships on subsequently served defendants. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th

Cir. 1988). Here, defendants Lebanon Hardboard and Tritalent timely exercised their right to choose a state forum. Therefore, the undersigned finds that remand to state court is appropriate.

## CONCLUSION

Based on the above analysis, the undersigned recommends that this matter be remanded to state court.

DATED this 21 day of May, 2009.

THOMAS M. COFFIN
United States Magistrate Judge