FILED '09 JUL 31 13:59 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ATLANTIC NATIONAL TRUST, LLC,
a Florida limited liability
company,

       Plaintiff,

  vs.

MT. HAWLEY INSURANCE COMPANY, a
Delaware corporation, CRUMP
INSURANCE SERVICES, INC., a
Texas corporation, CHAMBERLAIN
INSURANCE AGENCY LLC, an Oregon
limited liability company,
LEBANON HARDBOARD LLC, an
Oregon limited liability
company, and TRITALENT FUNDING
GROUP, LLC, an Oregon limited
liability company,

       Defendants.

O R D E R
Civ. No. 09-6054-TC
(Related case CV 09-6049-TC)

AIKEN, Judge:

    Magistrate Judge Coffin filed his Findings and Recommendation on May 21, 2009. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a _de novo_ determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore

1 - ORDER

Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Defendant Mt. Hawley Insurance Company has timely filed objections. I have, therefore, given the file of this case a de novo review. First, I agree that there were no "findings of fact" made as to the following issues (I also note that no party contends otherwise): (1) the amount of the alleged damages caused by the fire; and (2) defendant Tritalent's alleged mortgage holder status in the property at bar. See Findings and Recommendation, p. 2. Next, there can be no dispute that 28 U.S.C. § 1448 protects a later served defendant, when within the 30-day period, that defendant opts to exercise its right to choose the state court forum. When there are multiple defendants, as here, all defendants must either join in the motion to remove to federal court, or take no action against the motion. Pursuant to § 1448, a nonserved defendant (like Lebanon Hardboard or Tritalent Funding Group here) may force a remand to state court if either or both defendants choose the state forum over the federal forum by making a timely motion to remand after such defendant has been served with the complaint. That is exactly the situation at bar. Therefore, remand to state court is appropriate because after having been served with the complaint, defendants have timely exercised their right to choose the state court forum. Finally, defendant Mt. Hawley's request for oral argument is denied as unnecessary.

In conclusion, I ADOPT the Magistrate's Findings and Recommendation (doc. 27) that defendants Lebanon Hardboard's and Tritalent Funding Group's motion to remand (doc. 8) and

2 - ORDER

1  plaintiff's motion to remand (doc. 16) are granted.  This case is
2  remanded to state court.
3  IT IS SO ORDERED.
4      Dated this 29 day of July 2009.

                                            _____
                                                   Ann Aiken
                                      United States District Judge

3 - ORDER